IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **DEFENDING THE REPUBLIC**,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>**FEDERAL BUREAU OF INVESTIGATION**,<br><br>　　　　　　　　Defendant. | Case No. 3:23-cv-00276-L |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

BACKGROUND ............................................................................................................................. 1

 I. Plaintiff's Complaint ........................................................................................................ 1

 II. Statutory Background ...................................................................................................... 1

LEGAL STANDARDS .................................................................................................................. 2

ARGUMENT .................................................................................................................................. 3

CONCLUSION ............................................................................................................................... 9

**INTRODUCTION**

Plaintiff is an organization that was founded shortly after the 2020 election in order to promote discredited claims of "massive election fraud[.]" *See* Exhibit ("Ex.") 22 (App. 141). Plaintiff brings suit under the Freedom of Information Act ("FOIA") related to several requests for Federal Bureau of Investigation ("FBI") e-mails. But the FBI should not be required to answer the Complaint in this district where venue is improper. The Plaintiff corporation has not pleaded that its principal place of business is in this district nor are the requested emails located in this district. Under FOIA's venue provision, the record provides no basis for venue in the Northern District of Texas. The Court should dismiss the Complaint or transfer it to the United States District Court for the District of Columbia.

**BACKGROUND**

**I.   Plaintiff's Complaint.**

On February 8, 2023, the Plaintiff filed a Complaint alleging that the FBI is running a "massive censorship enterprise," Compl. ¶ 1, and requesting the emails of certain FBI personnel., *id*. ¶¶ 6-11. Plaintiff alleges that Defendant has violated the FOIA. *Id*. ¶ 14.

**II.   Statutory Background**

The Freedom of Information Act "represents a balance struck by Congress between the public's right to know and the government's legitimate interest in keeping certain information confidential." *Ctr. for Nat'l Sec. Studies v. Dep't of Just.*, 331 F.3d 918, 925 (D.C. Cir. 2003). Accordingly, the statute requires agencies to release documents responsive to a properly submitted request but also provides nine statutory exemptions to this general disclosure obligation. *See* 5 U.S.C. § 552(a)(3), (b)(1)-(9). Once production to the requester of responsive, nonexempt records is complete, the agency must identify the information at issue and the bases for the exemptions

1

claimed to sustain its burden of justifying nondisclosure of responsive information. *See* 5 U.S.C. § 552(a)(4)(B).

## LEGAL STANDARDS

"Whether venue is proper is a threshold question." *Holz v. United States*, No. 3:08-CV-1568-P, 2009 WL 10704725, at *2 (N.D. Tex. Sept. 28, 2009) (citation omitted). "A party may move to dismiss an action based on improper venue pursuant to Fed. R. Civ. P. 12(b)(3)." *Id.* (citing *Psarros v. Avior Shipping, Inc.*, 192 F. Supp. 2d 751, 754 n.4 (S.D. Tex. 2002); *Mitsui & Co. (USA), Inc. v. MIRA M/V*, 111 F.3d 33, 37 (5th Cir. 1997). Although "[o]n a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff," *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007), "the court is permitted to look at evidence beyond simply those facts alleged in the complaint and its proper attachments[,]" *United States for use & benefit of Robert Lloyd Elec. Co. v. Fluor Enters., Inc.*, No. 7:19-CV-00036-O, 2019 WL 13112058, at *2 (N.D. Tex. Aug. 26, 2019) (quoting *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009)).

"Once a defendant raises the issue of improper venue, the plaintiff has the burden to prove that the chosen venue is proper." *Martin, Mason, Stutz, L.L.P. v. Columbia Sussex Corp.*, No. 3:08-CV-2190-O, 2009 WL 10704844, at *3 (N.D. Tex. Apr. 21, 2009) (citing *Psarros*, 192 F. Supp. 2d at 753); *see also Igene v. Sessions*, No. CV H-17-3143, 2018 WL 1582239, at *1 (S.D. Tex. Mar. 29, 2018); *Brewer v. United States*, No. CV H-17-870, 2017 WL 6398637, at *1 (S.D. Tex. June 19, 2017).

"If a district court where suit is filed determines that venue is improper, it has discretion to either dismiss the suit, or 'if it be in the interest of justice, transfer such case to any district or

division in which it could have been brought.'" *McClintock v. Sch. Bd. E. Feliciana Par.*, 299 F. App'x 363, 366 (5th Cir. 2008) (quoting 28 U.S.C. § 1406(a)); *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987) (stating that the "court has broad discretion in deciding whether to order a transfer" and may do so "upon a motion or sua sponte").

## ARGUMENT

The Court should dismiss or transfer this case for improper venue. Under FOIA's venue provision, a corporation must bring suit in the district where the corporation has its "principal place of business, or in which the agency records are situated, or in the District of Columbia[.]" 5 U.S.C. § 552(a)(4)(B).[1] The Complaint asserts that "venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.[C.] § 1391[,]" Compl. ¶ 5, but alleges no facts addressing any of the criteria under the FOIA venue provision. The Complaint does not allege that any of the records sought are situated in the Northern District of Texas nor does it allege that Defending the Republic has its principal place of business in this district.

To be sure, the Complaint alleges that Plaintiff is "located in Dallas County, Texas." Compl. ¶ 3. But the term "located" is not dispositive when applied to a corporate entity because it does not establish that Defending the Republic's principal place of business is here. "'[P]rincipal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities" and "not simply an office where the corporation holds

---

[1] A natural person may bring suit in "the district in which the complainant resides[.]" 5 U.S.C. § 552(a)(4)(B). But Congress has clarified that the residency clause does not provide an alternative path to venue for a plaintiff that is not a natural person. Rather, Congress has provided that "[f]or all venue purposes . . . an entity with a capacity to sue and be sued[,] . . . whether or not incorporated, shall be deemed to reside, . . . if a plaintiff, only in the judicial district in which it maintains its principal place of business[.]" 28 U.S.C. § 1391(c); *see also Pure Oil Co. v. Suarez*, 384 U.S. 202, 205 (1966) (explaining default rule that § 1391(c) "applies to all venue statutes using residence as a criterion, at least in the absence of contrary restrictive indications in any such statute").

3

its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Notably, an address that "is nothing more than a mail drop box" or includes "a bare office with a computer" is not properly deemed a corporation's principal place of business. *Id*. at 97. Here, beyond the Complaint's sparse allegations, public record evidence casts doubt on the notion that Plaintiff has its principal place of business in this district.

First, the information about Plaintiff's principal place of business in Plaintiff's Public Information Report on file with the Texas Comptroller of Public Accounts is inconsistent with the premise that Plaintiff maintains a principal place of business in this district. Texas law requires corporations to "file a report with the comptroller containing . . . the address of the corporation's . . . principal office and principal place of business." Tex. Tax Code § 171.203(a)(5). Plaintiff's most recent Public Information Report is dated June 3, 2022. *See* Exs. 1, 2 (App. 006, 008). That report leaves the fields for both principal office and principal place of business blank. *See* Ex. 2 (App. 008). If the corporation had a principal place of business, it has not disclosed it as required under Texas law. *See* Tex. Tax Code § 171.203(a)(5).

Second, the public record indicates that the only Dallas address that is identified with the Plaintiff in the Public Information Report and elsewhere may be "nothing more than a mail drop box[.]" *Hertz Corp.*, 559 U.S. at 97. Specifically, the Public Information Report lists 2911 Turtle Creek Blvd. Suite 300, Dallas (hereinafter "Suite 300"), as the corporation's mailing, not physical, address. *See* Ex. 2 (App. 008); *see also, e.g.,* Ex. 8 (App. 033-038).[2] No other address is disclosed

---

[2] Plaintiff's counsel also lists Suite 300 as his address in his signature block in the Complaint.

4

on the corporation's website. *See* https://defendingtherepublic.org/ (last visited Mar. 14, 2023).[3] Yet several internet websites are currently selling Suite 300 as mail drop box—a "virtual address" for mail receipt only to be used by any number of clients. *See* Exs. 15, 18 (App. 106-07, 115-118).[4] Indeed, an internet search for the address reveals that dozens of businesses hold themselves out as purportedly located at Suite 300 or are at least using Suite 300 as their mailing address. *See* Ex. 19 (App. 119-133).

Third, Plaintiff's corporate filings in other states indicate that Plaintiff does not maintain a principal place of business in this district. Specifically, Plaintiff has made several filings with the State of Florida Division of Corporations. *See* Exs. 5-8 (App. 017-031). Its most recent filing is a "Foreign Not for Profit Corporation Amended Annual Report," which was filed on March 29, 2022. *See* Ex. 5-6 (App. 017-021). In it, Plaintiff discloses its principal place of business not as an address in Dallas, but instead as an address in Florida. Ex. 6 (App. 021). This information is certified to be true and accurate by someone holding herself out as president of the corporation and who acknowledged that her signature "shall have the same legal effect as if made under oath[.]" *Id*. Plaintiff also submitted a Registration Statement for Charitable Organizations to New York State in 2022 indicating that it has no principal address at all. *See* Ex. 9 (App. 033).

---

[3] Plaintiff's website only identifies Suite 300 in connection with soliciting money as an address for the public to mail Plaintiff a check. https://defendingtherepublic.org/other-payment-options/.

[4] One company that markets Suite 300 as a "virtual office" tells prospective clients that with its "virtual office packages, you register your business at one of our workspaces and your company benefits from having a prestigious address in a leading location." Ex. 14 (App. 099). Among several plans, the company offers Suite 300 as "[a] real prestigious address for your business[.]" Ex. 17 (App. 113). For an additional fee, clients are offered a live receptionist—"[s]omeone to answer calls professionally in your company name" along with a "[l]ocal telephone number to enhance your local presence[.]" *Id*. The most expensive virtual office plan includes "5 days" of access to a work space. *Id*.

Fourth, Plaintiff's federal tax filings, published by the Washington Post, provide no concrete indication that Plaintiff's leadership directs the corporation from any address in this district. To the contrary, they suggest that the corporation's principal office may be in Virginia. For example, Plaintiff has reported that it has a relationship with a related "landlord" organization named 524 Old Towne LLC and that it has paid 524 Old Towne LLC at least $80,000 pursuant to a lease. *See* Ex. 10 (App. 065-066). Media reports and local property records indicate that 524 Old Towne LLC purchased a property at 524 N. Washington St. in the Old Town neighborhood of Alexandria, Virginia in April 2021. *See* Exs. 11-13 (App. 075-093). And Plaintiff's federal tax filings indicate that it spent thousands of dollars on "pavement" for "Washington St." in the following month, which corresponds with the name of the street where Plaintiff's "landlord" organization purchased property in Virginia.[5] Ex. 10 (App. 072). Since the corporation purportedly "promotes the passage of laws[,]" it would follow that its principal place of business would be near the nation's capitol. *See id.* (App. 044). Indeed, attorneys holding themselves out as working for Plaintiff have represented that their address is in Washington, D.C., not in this district. *See, e.g.,* Ex. 23 (App. 174).

Fifth, Plaintiff's June 2022 Texas Public Information Report provides little evidence that Plaintiff's "officers carry on its day-to-day business" in this district. *See Hertz Corp.*, 559 U.S. at 88 (citation omitted). In addition to disclosing a corporation's principal place of business, Texas law requires each corporation to include "the name, title, and mailing address of each person who is . . . an officer or director of the corporation" in the Public Information Report. Tex. Tax Code § 171.203(a)(3). Plaintiff's Public Information Report indicates that there is only one "high level

---

[5] The filing also indicates that Plaintiff spent thousands of dollars "refurbishing rental property" in November of 2021 but does not indicate where that property might be outside of Virginia.

6

officer[]" that "direct[s], control[s], and coordinate[s] the corporation's activities[,]" *Hertz Corp.*, 559 U.S. at 80, and that she is located in Florida. In completing Section A of the Public Information Report, Plaintiff reported only one individual as a director or officer—Mary Pat Coughlin of Florida—who holds the title of Chief Financial Officer. *See* Ex. 2 (App. 008). Given that the sole reported officer's location is in Florida, there is further reason to doubt that Plaintiff's principal place of business is in this district.

Other recent filings in states outside Texas purport to disclose a corporate leadership structure that is different than the one disclosed in the Texas Public Information Report. But the Court should not easily dismiss the leadership structure reported in the Texas Public Information Report because that information was certified by Coughlin to be "true and correct to the best of [her] knowledge and belief[.]" *Id*. Even if the Court finds that the Texas Public Information Report is for some reason inaccurate, the public record still fails to demonstrate that the Plaintiff's principal place of business is somewhere in this district. For example, Plaintiff's 2022 New York State Registration Statement for Charitable Organizations indicates that Plaintiff has four officers or directors: Sidney Powell, Mary Pat Coughlin, Neal Coker, and Michael Abidin. *See* Ex. 9 (App. 035). The public record indicates that all corporate leadership time spent directing and controlling the corporation may occur outside of this district, as Coughlin is a Florida resident, *see supra* at 6-7, Coker appears to be a resident of North Carolina, *see* Ex. 20 (App. 135), Abidin appears to be a resident of Virginia, *see* Ex. 21 (App. 137-138), and Powell was reportedly "working from [a] building" in Virginia from "within a few weeks after" it was purchased by 524 Old Towne LLC in April 2021, *see* Ex. 12 (App. 087).

Even if there is some basis to conclude that Powell is sometimes in this district, there is still good reason to doubt that the "center of overall direction, control, and coordination" of the

7

corporation lies in this district. *See Hertz Corp.*, 559 U.S. at 96. Abidin, Coker, Powell, and Coughlin have been identified as officers or directors in Plaintiff's federal tax filings, which also report the average number of hours that each dedicates to directing or coordinating the corporation. *See* Ex. 10 (App. 049). Specifically, Abidin and Coker each reportedly spend about six hours per week directing the corporation, while Powell and Coughlin reportedly spend about forty hours per week on work related to the corporation. *See id.* Accordingly, it appears that the majority of corporate leadership time spent directing and controlling the corporation likely occurs outside this district regardless of where Powell works.

Older corporate filings deliver nothing but further confusion. For example, when the Plaintiff was initially formed on December 1, 2020, the Certificate of Formation included three directors, each of which listed a Dallas address (although it was the Suite 300 address discussed above). *See* Ex. 3 (App. 010). But that Certificate of Formation was amended not long after, removing two of those purported directors and replacing them with a Michael T. Flynn of Middletown, Rhode Island, and a Joseph J. Flynn of Englewood, Florida. *See* Ex. 4 (App. 016). Although the more recent filings discussed above might provide some reason to believe that the Flynns are no longer directors of the corporation, again, those filings are themselves inconsistent on the issue of who is a corporate officer and director. Moreover, there is no evidence that Plaintiff has ever further amended its Certificate of Formation formally removing the Flynns from its leadership structure. *See* Ex. 1 (App. 006). Insofar as the Court should also consider the role that the Flynns play in leading the corporation, there is further reason to believe that the "center" of the corporation's direction "overall" is not in this district. *See Hertz Corp.*, 559 U.S. at 96.

In sum, this case does not appear to fall within one of the categories set out in 5 U.S.C. § 552(a)(4)(B). Therefore, the case should be dismissed for lack of venue under Rule 12(b)(3) or

transferred to the District of Columbia pursuant to 28 U.S.C. § 1406. *See In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983) ("Section 552(a)(4)(B) reflects an express congressional design to render the District of Columbia an all-purpose forum in FOIA cases" where courts have "'substantial expertise' in working with the FOIA" and the forum is "convenient to the defendant[.]"); *Seariver Mar. Fin. Holdings v. Pena*, 952 F. Supp. 455, 462 (S.D. Tex. 1996) (noting that the District of Columbia was an "obvious" venue choice in light of the plaintiffs' challenge).

## CONCLUSION

For the foregoing reasons, the Court should dismiss the case.

Dated: March 15, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

*/s/ Liam C. Holland*
LIAM C. HOLLAND
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-4964
Fax: (202) 616-8470
Email: liam.c.holland@usdoj.gov

*Counsel for Defendants*

9